Pearson, J.
 

 The legal effect of a contract for the sale and delivery of a bond, which is handed over to the purchaser without endorsement, is to constitute the purchaser an agent of the obligee to receive the money,
 
 Hoke
 
 v. Carter, 12 Ire. 825. Being the agent to receive, he of course lias authority to bring suit in the name of the principal, and do all other acts necessary for the collection of the bond, — such as giving a written power to an attorney at law to bring suit.
 

 It is insisted that, under Statute Rev. Code, ch. 31, sec. 37,
 
 *71
 
 by which every attorney who claims to enter an appearance, may be required to produce a power or authority signed by the party, or “ by some person duly authorised in that behalf,” is not complied with by the production of a power feigned "W. II. Johnson, (the obligee) by Jesse II. Adams, (the purchaser) agent; because, as was contended, the agency ought to be proved by writing, and tlie authority to sign the name of the principal cannot be shown by parol. There is no case or principle to support this position. The statute requires the power to the attorney to be in writing, signed, &c., but the authority to sign the name of the principal is not required to bo in writing.
 

 The decisions upon the statute of frauds settle this question. Certain contracts are made void unless put in writing and signed ■ by the party to be charged therewith, or “ by some other person by him thereto lawfully authorised.” Eev. Code, ch. 50, sec.- 11. It is settled that the authority of the person signing the name of one, as his principal, need not be in writing. Indeed, if the name is signed without even a parol authority, a subsequent ratification will make it valid within the statute.
 
 Chitty
 
 on Contracts, 71, and other text books.
 

 The form of the judgment set out in the record is agreeable to law.
 
 Russell
 
 v. Saunders, 3 Jones’ Rep. 432.
 

 There is no error.
 

 ' Pee CueiaM. -. Judgment affirmed.